UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIL McDOWELL, et al.,<br><br>    Defendant. | NO. EDCV 18-400-AG (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections and Defendant's reply. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Plaintiff objects that his claim for injunctive relief is not moot simply because he has been transferred to another prison. The case he cites, however, holds that a prison transfer moots a claim for injunctive relief unless a prisoner establishes a reasonable expectation or a demonstrated probability that he will be transferred back to the prison. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). Plaintiff's argument that he could be "eligible" to transfer back if he remains discipline free and meets other criteria is too speculative to prevent mootness. *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995); *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).

Plaintiff objects to the Report's finding that he failed to allege any facts indicating that Defendants McCullough, Lee and Winsick had involvement in Plaintiff's request to be removed from the carpentry vocational program. (Obj. at 2; Report at 7.) Plaintiff cites to attachments to his complaint, but those pages deal with his other complaints. (Obj. at 2 (citing pages 27 (complaint that Plaintiff cannot carry his tray and needs large plastic bags for shower), 47 (request to be transported by van instead of bus)).)

Plaintiff's remaining objections are without merit.

IT IS ORDERED that Defendants' motion to dismiss the complaint is granted in part and denied in part as follows:

 (1) The official capacity claims under the Eighth Amendment against all defendants are dismissed without leave to amend;

(2) The individual capacity claims under the Eighth Amendment as to Defendants McCullough, Lee and Winsick are dismissed with leave to amend;

(3) The motion to dismiss the individual capacity claims under the Eighth Amendment against the remaining defendants McDowell, Moore, Maletz, Newton and Deering:

    (a)    is denied as to the claim based on carpentry vocational training; and

    (b)    is granted with leave to amend as to the claims based on college coursework and denial of medical care;

(4) The ADA and RA claims against all defendants in their individual capacity are dismissed without leave to amend;

(5) The ADA and RA claims against the Warden in his official capacity are dismissed with leave to amend;

(6) The ADA and RA claims against the remaining defendants in their official capacity are dismissed without leave to amend as redundant;

(7) Plaintiff's requests for injunctive relief are dismissed as moot; and

(8) Plaintiff is granted leave to file a First Amended Complaint within 30 days after entry of this order in accordance with the Report.

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original complaint, attachment, pleading or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank civil rights complaint form.

If Plaintiff does not file a timely First Amended Complaint, the action will proceed against Defendants McDowell, Moore, Maletz, Newton and Deering in their individual capacity based on Plaintiff's Eighth Amendment claim regarding his request to be removed from carpentry vocational training.

DATED: January 30, 2020

ANDREW J. GUILFORD
United States District Judge